# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**TYLER KYLE PITCHFORD,** an
individual person,
        **Plaintiff,**

     **v.**                    **Case No.:8:12-cv-01897-MSS-TGW**

**AELITIS, SAS,** a French company,
**AZUREUS, INC.,** a California corporation,
**AZUREUS SOFTWARE, INC.,** a Delaware
corporation, **VUZE, INC.,** a Delaware
corporation, **VUZE, LLC.,** a Delaware limited
liability company, **VUZE MERGER
CORPORATION,** a Delaware corporation,
        **Defendants.**
_____/

## PLAINTIFF'S RESPONSE TO DEFENDANTS' RULE 11 MOTION REQUESTING THAT THIS COURT DENY OR DEFER RULING ON DEFENDANTS' MOTION FOR SANCTIONS

### INTRODUCTION & BACKGROUND

Defendants Vuze LLC., and Azureus Software, Inc.'s, first Federal Rule of Civil

Procedure Rule 11Motion characterizes Plaintiff's Complaint as a "deliberate fraud."

[Document 13 page 1].  Notably, after specifically noting the detail and length of the

Complaint, Defendants failed to object to a single paragraph as inaccurate, untrue, or

frivolous.  [Document 13 page 1].  On this basis alone, the Court should deny Defendants

Motion. Defendants failed to plead any facts and instead merely explained their potential

defenses in order to establish Plaintiff's responses. Defendants' argued that Plaintiff and

Plaintiff's Counsel should be sanctioned because Defendants disagreed with Plaintiff's

position and that Defendants' ostensibly believe that they possess a valid defense. [Document 13].

Specifically, Defendants appear to believe that an unverified, unauthenticated document amounting to nothing more than hearsay exculpates all Defendants and renders Plaintiff's claims moot. [Document 13-2]. Defendants also relied upon an interpretation of trademark law that is contrary to binding precedent upon this Court.  [Document 13]. Apparently Defendants also believe that Plaintiff's Counsel is incompetent. [Document 13 page 3]. Further, despite its caption, Defendants' Motion really appears to cloak a Federal Rule of Civil Procedure 12(b)(6) motion within the guise of a Rule 11 motion.

Plaintiff wrote and developed unique and exclusive computer software code that is the subject matter of the copyright infringement claims.  [Complaint at ¶3, 23, 24, 25]. Plaintiff also developed a blue frog logo and the mark "Azureus," to identify Plaintiff's unique and exclusive computer software code; the logo and mark collectively represent the subject matter of the trademark infringement claims. [Complaint at ¶25, 26, 27]. When Defendants impermissibly used Plaintiff's mark, logo, and unique and exclusive computer software code, Plaintiff sued for: copyright infringement, trademark infringement, trademark cancellation, breach of contract, and unjust enrichment.

To date, the only facts pleaded are contained in the Complaint because the Defendants have yet to file an Answer. Despite Defendants' contentions, Plaintiff and Plaintiff's Counsel fully reviewed Document 13-2 provided by Defendants' Counsel and determined that it did not possess any bearing on the Plaintiff's claims. Unfortunately, defending himself against Defendants' Motion would require Plaintiff to reveal material(s)

protected by attorney-client privilege and attorney work-product privilege before Defendants even file an Answer or engage in any discovery.

Defendants' unfettered access to Plaintiff's privileged information will severely prejudice the Plaintiff's case. However, to the extent possible without divulging any privileged information, Plaintiff briefly discusses below why Defendants' Motion should be denied or a ruling deferred. At the Court's request and convenience, the Plaintiff would be happy to either take this matter up at hearing or provide this Court with a more detailed brief on any or all issues.

## ARGUMENT

Plaintiff vehemently rejects Defendants' contention that Plaintiff's Complaint constitutes a "deliberate fraud" both upon this Court and the United States Patent and Trademark Office (USPTO). [Document 13 page 1]. Plaintiff stands by his Complaint and contends that Defendants impermissibly used Plaintiff's logo, mark, and unique computer software code and that Document 13-2 fails to have any bearing on Plaintiff's claims. Plaintiff also rejects Defendants' claim that Plaintiff "…**sold, outright**, the computer code at issue to Defendant Aelitis (the predecessor to the current defendants)." [Document 13 page 1].

## Rule 11 Fed. R. Civ. P. Motions

Under Rule 11, the non-moving party bears the burden of demonstrating that he made a reasonable presuit inquiry into his claim(s). [*Digeo, Inc.* v. *Audible, Inc.*, 505 F.3d 1362, 1368 (Fed. Cir. 2007)]. Plaintiff and undersigned Counsel represented and continue to represent to this Court that to the best of their knowledge, information and belief: this cause

is not being presented for any improper purpose, the claims and contentions set forth are warranted by existing law and are not frivolous, and the factual contentions possess or will possess reasonable evidentiary support.

Plaintiff and Plaintiff's Counsel made a reasonable Presuit inquiry. When applying an objective standard of reasonableness to determine sanctions under Rule 11, the Court should avoid hindsight and resolve all doubts in favor of the signor.  [*Edmonds* v. *Gillmore*, F. Supp. 948, 957 (E.D. Va. 1997) citing (*Calloway* v.  *Marvel Entm't Group*, 854 F.2d 1452, 1469-70 (2d Cir. 1988))]. Plaintiff and Plaintiff's Counsel believed at the time the Complaint was filed, and continue to believe, that Plaintiff's claims possess merit, are warranted, and are supported by the facts. Defendants failed to deny any part of the Complaint and, without filing an Answer or engaging in Discovery, merely explained their potential defenses in an apparent attempt to ascertain Plaintiff's response(s). But this is an improper purpose.

Rule 11 Motions "should not be employed as a discovery device or to test the legal sufficiency or efficacy of allegations in the pleadings," because other motions are available for those purposes. [Rule 11, Fed. R. Civ. P., Notes of 1993 Advisory Committee, ¶19]. Rule 11 Motions also should not, "be prepared…to intimidate an adversary into withdrawing contentions that are fairly debatable, to increase the costs of litigation, to create a conflict of interest between attorney and client, or to seek disclosure of matters otherwise protected by the attorney-client privilege or the work-product doctrine." [Rule 11, Fed. R. Civ. P., Notes of 1993 Advisory Committee, ¶19]. This appears to be exactly what Defendants' intended.

Contrary to Defendants' Counsel's opinion, [Document 13 page 3], the mere act of telephoning opposing counsel and demanding withdrawal of a complaint based on the terms

of an unverified, unauthenticated document possessing no bearing on the Plaintiff's claims is

insufficient  as a matter of law to support the definition of a frivolous or fraudulent claim.

Further, the suggestion that Plaintiff's Counsel is incompetent to handle Plaintiff's case, and

that he seek "competent trademark counsel," [Document 13 page 3], may itself be considered

an act of attempted intimidation and an act squarely intended to create a conflict of interest

between attorney and client. Finally, Plaintiff's litigation costs have certainly increased by

Defendants' Motion seeking to delay, deter and prevent Plaintiff's access to the Court

through threats of sanctions, intimidation, and mudslinging. (*see also* 28 U.S.C. §1927

(noting that this Court possesses the power to sanction an attorney who "so multiplies the

proceedings in any case unreasonably and vexatiously…"))

Defendants' Motion, reads as if it were a Rule 12(b)(6) motion for summary

judgment. If Defendants' intent were to file a motion for summary judgment, because the

only facts pleaded are those in the Complaint, and the standard of review for a Rule 12(b)(6)

motion is, "accepting the allegations in the complaint as true and construing them in the light

most favorable to the plaintiff," [*Castro* v. *Sec'y Homeland Sec.*, 472 F.3d 1334, 1335 (11th

Cir. Fla. 2006) quoting  *Hill* v. *White,* F.3d 1334, 1335 (11th Cir. Ala. 2003)], this Court

should deny Defendants' Motion precisely because they have pleaded no facts and because

the Plaintiff pleaded sufficient facts to prevail on the merits of his claims.

Similarly, if Defendants' truly rely upon Document 13-2 as being exculpatory, then

they should engage in meaningful discovery and file an appropriate motion for summary

judgment. Although the comments to Rule 11 are clear, Defendants appear to be using Rule

11 for improper purposes. Filing an inappropriate and inaccurate Rule 11 motion to

intimidate the Plaintiff, insult Plaintiff's Counsel, and seek privileged information and work-product prior to filing an answer is not the proper course of action.

### Trademark

The basis for Defendants' argument that Plaintiff's trademark infringement claims are frivolous relies upon Defendants' contention that Plaintiff's Counsel is incompetent, [Document 13, page 3] and that open-source computer code is ineligible for trademark protection. First, despite Defendants' assertions, Plaintiff's Counsel consulted with other attorneys before filing suit.  Second, Plaintiff's Counsel squarely rejects any assertion that Plaintiff's Counsel is incompetent to file or adequately prosecute Plaintiff's valid claims. Third and most importantly, Defendants' themselves appear to have completely overlooked the existence of *Planetary Motion, Inc.* v. *Techsplosion, Inc.* 261 F.3d 1188 (11th Cir. Fla. 2001).

*Planetary Motion*, which is binding precedent upon this Court, flatly rejects Defendants' arguments and holds that open-source software licensed under the GNU General Public License, version 2 (GPLv2), even though it is not "sold" for monetary gain, constitutes use in commerce and is eligible for trademark protection. [261 F.3d at 1200 "By developing and distributing software under a particular mark, and taking steps to avoid ceding the Software to the public domain, [the developer] made efforts to retain ownership rights in his Software…Competitive activity need not be fueled solely by a desire for direct monetary gain." ]. *Planetary Motion* demonstrates that Defendants' trademark arguments are wholly without merit.

Additionally, Defendants are estopped from raising any such arguments.  While claiming that Plaintiff's Complaint was a "deliberate fraud," [Document 13 page 1], and in contrast to the holding in *Planetary Motion*, Defendants' Motion argued that the computer code was only in commerce because it was "sold" to the public beginning in 2010. Defendants' attached three (3) trademark registrations as Defendants' Exhibits B, C, and D, all dated prior to 2010. But, again apparently overlooking or ignoring relevant information, Defendants failed to include the trademark applications for the trademark registrations that they themselves provided. Defendants' trademark application admits, under penalty of perjury, that, "the mark [Azureus] was first used at least as early as 07/00/2003, and first used in commerce at least as early as 07/00/2003, and is now [filed on 06/07/2005] in use in such commerce." [Plaintiff's Exhibit A, page 4].

Despite Defendants' Motion arguing that the computer software code was only "used in commerce" when it was first sold in 2010, Defendants' own trademark application affirmatively asserts and admits that the computer software was in commerce beginning in July 2003, the very date that Plaintiff himself placed Plaintiff's software onto Sourceforge.org under the name Azureus.  [Complaint ¶29]. If Defendants' theory is correct, then they themselves are conceding that Defendants' fraudulently and inaccurately obtained all their trademarks because they provided false information to the USPTO.  Accordingly, this Court should either estop Defendants from asserting theories on "use in commerce" or grant Plaintiff's requested relief and cancel Defendants' trademarks for providing the USPTO with incomplete and inaccurate information.  [Complaint page 78-79].

**Copyright, Breach of Contract, and Unjust Enrichment**

Similarly, Defendants' assertions that Plaintiff's copyright claims are frivolous solely rely upon an unverified, unauthenticated, hearsay document.  However, even assuming for the sake of argument that Document 13-2 was a verified, authenticated document that possessed some bearing on Plaintiff's claims, this document would ultimately fail, on its face, within its four corners. The Complaint clearly indicated that Plaintiff owns a Copyright on a BEncoder.java, a BDecoder.java, and ConfigurationManager.java.[Complaint ¶28 and Exhibit H]. But, Defendants' Motion attached and incorporated Document 13-2 that specifically only referenced BDecoder.java and  ConfigurationManager.java.  Nowhere is there any reference to BEncoder.java .  Providing more detailed information at this time, before Defendants' file an Answer, would require the Plaintiff to divulge privileged information and work-product.  Plaintiff would respectfully request the opportunity to file a more detailed response if the Court requires more information than the Plaintiff's truncated arguments allow.

Thus, even if Defendants' Document 13-2 was proper evidence, and even if all Defendants' other assertions, arguments, and theories were correct, BEencoder.java could not possibly have been transferred to Defendant Aelitis SAS and Defendants' arguments were both frivolous and moot. Finally, although Defendants' relied upon Document 13-2 as the lynch pin for their Motion, Defendants again either failed to carefully review the document itself or Defendants chose to deliberately ignore part of it because Document 13-2 clearly states that it is governed by French Law. Defendants failed to bring this fact to the Court's attention despite the requirements of Federal Rules of Civil Procedure 44.1.

**CONCLUSION**

Defendants' Motion is without merit and should be denied because Plaintiff's claims for copyright infringement, trademark infringement, trademark cancellation, breach of contract, and unjust enrichment are neither fraudulent nor frivolous.  This Motion constitutes Defendants' first filing in this Court, and the Complaint contains the only pleaded facts. Defendants rely on an unverified, unauthenticated document that Plaintiff contends possesses no bearing on Plaintiff's claims. Unfortunately, to adequately defend himself the Plaintiff must venture far beyond reasonable pleading requirements and discovery and provide opposing counsel with unfettered access to all attorney-client and work-product materials before they even bother to file an Answer with this Court.  On its face, Defendants' Motion is significantly flawed by its failure to cite binding precedent, by its impermissible use of Rule 11, and by its reliance upon an unverified, unauthenticated, hearsay document that even if verified, authenticated, and admitted would hold no bearing over Plaintiff's Complaint.

Accordingly, Plaintiff respectfully requests that this Court deny Defendants' Motion. In the alternative, Plaintiff respectfully requests that pursuant to Rule 11, this Honorable Court defer ruling until after trial. [Notes of 1993 Advisory Committee, ¶19]. Because Plaintiff is trying to prevent the Defendants' unfettered access to Plaintiff's privileged material(s) and because Defendants appear to be using this Motion for improper purposes, in the event that this Court determines that it requires further information, Plaintiff most respectfully requests a hearing and the opportunity to more fully brief the Court. Plaintiff also respectfully requests that this Court order the Defendants' to Answer the Complaint on or before December 3, 2012.

Finally, filing a Rule 11 Motion subjects both parties to an award of attorney's fees. [Notes of 1993 Advisory Committee ¶22]. Based on the foregoing, Defendants' arguments are defective on the facts of this case, overlook "obvious facts," and ignore binding precedent upon this Court. Defendants themselves are subject to Rule 11 sanctions. "Sanctions are warranted when the claimant exhibits a deliberate indifference to obvious facts," *Didie* v. *Howes, 988 F.2d 1097, 1103 (11th Cir. 1993)* quoting *Pelletier* v *Zweifel,* 921 F.2d 1465, 1514 (11th Cir), cert. denied, 502 U.S. 855 (1991)." [Document 13 page 4]. Plaintiff respectfully requests attorney's fees if this Court should deem them appropriate.

**Respectfully submitted this 21ᵗʰ day of November 2012**

> /s/ Adam S. Levine
> Adam S. Levine, M.D., J.D.
> Florida Bar No. 78288
> The Florida Legal Advocacy Group of Tampa Bay
> 1180 Gulf Boulevard, Suite 303
> Clearwater, FL 33767
> (727) 512 – 1969 [Telephone]
> (866) 242 – 4946 [Facsimile]
> aslevine@msn.com [E-mail]
> Trial Counsel & Counsel for the Plaintiff

**CERTIFICATE OF SERVICE**

I, Adam S. Levine, M.D., J.D., hereby certify that on the date listed below, this document and any attached exhibits were filed with the Clerk of Court using the CM/ECF system which sent a notice of electronic filing to all counsel of record who have consented to electronic notification.  I further certify that I mailed a copy of the foregoing document and notice of electronic filing by first class mail to all non-CM/ECF participants.

**Respectfully submitted this 21[th] day of November 2012**

> /s/ Adam S. Levine
> Adam S. Levine, M.D., J.D.
> Florida Bar No. 78288
> The Florida Legal Advocacy Group of Tampa Bay
> 1180 Gulf Boulevard, Suite 303
> Clearwater, FL 33767
> (727) 512 – 1969 [Telephone]
> (866) 242 – 4946 [Facsimile]
> aslevine@msn.com [E-mail]
> Trial Counsel & Counsel for the Plaintiff

PTO Form 1478 (Rev 6/2005)
OMB No. 0651-0009 (Exp xx/xx/xxxx)

# Trademark/Service Mark Application, Principal Register

**Serial Number: 78644889**
**Filing Date: 06/07/2005**

**The table below presents the data as entered.**

| Input Field | Entered |
|---|---|
| **MARK SECTION** | |
| MARK | Azureus |
| STANDARD CHARACTERS | YES |
| USPTO-GENERATED IMAGE | YES |
| LITERAL ELEMENT | Azureus |
| MARK STATEMENT | The mark consists of standard characters, without claim to any particular font, style, size, or color. |
| **OWNER SECTION** | |
| NAME | Aelitis |
| STREET | 8 Allee le notre, La Grille Royale |
| CITY | Le Mesnil le Roi |
| ZIP/POSTAL CODE | 78600 |
| COUNTRY | France |
| PHONE | +33139123156 |
| EMAIL | ochalouhi@aelitis.com |
| AUTHORIZED EMAIL COMMUNICATION | Yes |
| **LEGAL ENTITY SECTION** | |
| TYPE | SOCIETE A RESPONSABILITE LIMITEE |
| STATE/COUNTRY UNDER WHICH ORGANIZED | France |
| NAME OF ALL GENERAL PARTNERS, ACTIVE MEMBERS, INDIVIDUAL, TRUSTEES, OR EXECUTORS, AND CITIZENSHIP/ INCORPORATION | Olivier Chalouhi, French Alon Rohter, American Paul Gardner, British |

**Plaintiff's Exhibit A**                001

## GOODS AND/OR SERVICES SECTION

| | |
|---|---|
| INTERNATIONAL CLASS | 042 |
| DESCRIPTION | Computer software for data distribution |
| FILING BASIS | Section 1(a) |
| FIRST USE ANYWHERE DATE | At least as early as 07/00/2003 |
| FIRST USE IN COMMERCE DATE | At least as early as 07/00/2003 |
| SPECIMEN FILE NAME(S) | \\TICRS\EXPORT10\IMAGEOUT 10\786\448\78644889\xml1\ APP0003.JPG |
| SPECIMEN DESCRIPTION | A screenshot of the main window of the Azureus computer program. I tried to attach a screenshot of our website (http://azureus.sf.net) but it failed. |

## SIGNATURE SECTION

| | |
|---|---|
| SIGNATURE | /Olivier Chalouhi/ |
| SIGNATORY NAME | Olivier Chalouhi |
| SIGNATORY DATE | 06/07/2005 |
| SIGNATORY POSITION | Duly authorized manager |

## PAYMENT SECTION

| | |
|---|---|
| NUMBER OF CLASSES | 1 |
| NUMBER OF CLASSES PAID | 1 |
| SUBTOTAL AMOUNT | 325 |
| TOTAL AMOUNT | 325 |

## DOMESTIC REPRESENTATIVE SECTION

| | |
|---|---|
| NAME | Alon Rohter |
| FIRM NAME | Aelitis |
| STREET | 2728 Humboldt Ave S Apt 24 |
| CITY | Minneapolis |
| STATE | Minnesota |
| ZIP/POSTAL CODE | 55408 |
| COUNTRY | USA |
| PHONE | 612-703-3576 |
| EMAIL | arohter@aelitis.com |

**Plaintiff's Exhibit A**                    **002**

| AUTHORIZED EMAIL COMMUNICATION | Yes |
|---|---|
| **CORRESPONDENCE SECTION** | |
| NAME | Alon Rohter |
| FIRM NAME | Aelitis |
| STREET | 2728 Humboldt Ave S Apt 24 |
| CITY | Minneapolis |
| STATE | Minnesota |
| ZIP/POSTAL CODE | 55408 |
| COUNTRY | USA |
| PHONE | 612-703-3576 |
| EMAIL | arohter@aelitis.com |
| AUTHORIZED EMAIL COMMUNICATION | Yes |
| **FILING INFORMATION** | |
| SUBMIT DATE | Tue Jun 07 06:50:54 EDT 2005 |
| TEAS STAMP | USPTO/BAS-84535129-200506 07065054470001-78644889-2 005154bc723ff419ff74762f5 59a92f65b-CC-871-20050607 064300144047 |

**Plaintiff's Exhibit A**                    **003**

PTO Form 1478 (Rev 6/2005)
OMB No. 0651-0009 (Exp xx/xx/xxxx)

### Trademark/Service Mark Application, Principal Register

**Serial Number: 78644889**
**Filing Date: 06/07/2005**

## To the Commissioner for Trademarks:

**MARK:** (Standard Characters, see mark)

The mark consists of standard characters, without claim to any particular font, style, size, or color.

The literal element of the mark consists of Azureus.

The applicant, Aelitis, a SOCIETE A RESPONSABILITE LIMITEE organized under the laws of France, comprising of Olivier Chalouhi, French Alon Rohter, American Paul Gardner, British, residing at 8 Allee le notre, La Grille Royale, Le Mesnil le Roi, France, 78600, requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended.

The applicant, or the applicant's related company or licensee, is using the mark in commerce, and lists below the dates of use by the applicant, or the applicant's related company, licensee, or predecessor in interest, of the mark on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(a), as amended.

International Class 042: Computer software for data distribution

In International Class 042, the mark was first used at least as early as 07/00/2003, and first used in commerce at least as early as 07/00/2003, and is now in use in such commerce. The applicant is submitting or will submit one specimen for *each class* showing the mark as used in commerce on or in connection with any item in the class of listed goods and/or services, consisting of a(n) A screenshot of the main window of the Azureus computer program. I tried to attach a screenshot of our website (http://azureus.sf.net) but it failed..

Specimen - 1

The applicant hereby appoints Alon Rohter of  Aelitis, 2728 Humboldt Ave S Apt 24, Minneapolis, Minnesota, USA 55408 as applicant's representative upon whom notice or process in the proceedings affecting the mark may be served.

The USPTO is authorized to communicate with the applicant or its representative at the following email address: arohter@aelitis.com.

A fee payment in the amount of $325 will be submitted with the application, representing payment for 1 class(es).

**Plaintiff's Exhibit A**                              **004**

**Declaration**

The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.


Signature: /Olivier Chalouhi/   Date: 06/07/2005
Signatory's Name: Olivier Chalouhi
Signatory's Position: Duly authorized manager


Mailing Address:
    Alon Rohter
    2728 Humboldt Ave S Apt 24
    Minneapolis, Minnesota 55408

RAM Sale Number: 871
RAM Accounting Date: 06/07/2005

Serial Number: 78644889
Internet Transmission Date: Tue Jun 07 06:50:54 EDT 2005
TEAS Stamp: USPTO/BAS-84535129-20050607065054470001-
78644889-2005154bc723ff419ff74762f559a92
f65b-CC-871-20050607064300144047


**Plaintiff's Exhibit A**                                **005**

# Azureus



**Plaintiff's Exhibit A**                    **007**