**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**TYLER KYLE PITCHFORD,** an individual person,
**Plaintiff,**

**v.** **Case No.:8:12-cv-01897-MSS-TGW**

**AELITIS, SAS,** a French company, **AZUREUS, INC.,** a California corporation, **AZUREUS SOFTWARE, INC.,** a Delaware corporation, **VUZE, INC.,** a Delaware corporation, **VUZE, LLC.,** a Delaware limited liability company, **VUZE MERGER CORPORATION,** a Delaware corporation,
**Defendants.**
_________________________________/

**CASE MANAGEMENT REPORT**

The parties have agreed on the following dates and discovery plan pursuant to Fed. R. Civ. P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures** (pursuant to Fed. R. Civ. P. 26(a)(1) as amended effective December 1, 2000) [Court recommends 30 days after CMR Meeting] | 30 (thirty) days following order on Motion to Dismiss |
| **Certificate of Interested Persons and Corporate Disclosure Statement** [Each party who has not previously filed must file immediately] | Completed |
| **Motions to Add Parties or to Amend Pleadings** [Court recommends 1-2 months after CMR meeting] | May 30, 2013 |
| **Disclosure of Expert Reports**<br><br>Plaintiff or party with burden:<br><br>Defendant or rebuttal:<br><br>[Court recommends 1-2 months before discovery deadline to allow | <br><br>December 27, 2013<br><br>January 29, 2014 |

| | |
|---|---|
| expert depositions] | |
| **Discovery Deadline**<br>[Court recommends 6 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | February 28, 2014 |
| **Dispositive Motions, *Daubert* and *Markman* Motions**<br>[Court requires 5 months or more before trial term begins] | March 28, 2014 |
| **Meeting *In Person* to Prepare Joint Final Pretrial Statement**<br>[10 days before Joint Final Pretrial Statement] | June 3, 2014 |
| **Joint Final Pretrial Statement** (Including a Single Set of Jointly-Proposed Jury Instructions and Verdict Form (with diskette), Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved form)<br>[Court recommends 6 weeks before Trial] | June 13, 2014 |
| **Other Motions Including *Motions In Limine***<br>[Court recommends 1 week before Final Pre-trial Conference] | June 20, 2014 |
| **Final Pretrial Conference**<br>[As needed, the Court will set a date that is approximately 4 weeks before trial] | June 27, 2014 |
| **Trial Briefs**<br>[Court recommends 2 weeks before Trial] | July 11, 2014 |
| **Trial Term Begins**<br>[Local Rule 3.05(c)(2)(E) sets goal of trial within 2 years of filing complaint in all Track Two cases; trial term *must not* be less than 4 months after dispositive motions deadline (unless filing of such motions is wavied); district judge trial terms typically being on Monday preceding the 1st day on the month; trials before magistrate judges will be set on a date certain after consultation with the parties] | July 25, 2014 |
| **Estimated Length of Trial**<br>[trial days] | 5 Days |
| **Jury / Non-Jury** | Jury |
| **Mediation**<br>**Deadline:**<br><br>**Mediator:**<br>**Address:**<br><br>**Telephone:**<br>[Absent arbitration, mediation is mandatory; Court recommends either 2 – 3 months after CMR meeting, or just after discovery | |

| deadline] | |
|---|---|
| **All Parties Consent to Proceed Before Magistrate Judge** | **Yes** _____ <br> **No** __X___ <br> **Likely to Agree in Future** ____ |

**I. Meeting of Parties in Person.**

Lead counsel must meet *in person* and not by telephone absent an order permitting otherwise. Counsel will meet in the Middle District of Florida, unless counsel agree on a different location. Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A),[1] and an Order permitting telephonic conference, a telephonic meeting was held on February 14, 2013 at 2:00 pm and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| Adam S. Levine, M.D., J.D. | Plaintiff |
| Michael H. Page, Esq. | Defendants Azureus Software, Inc., and Vuze, LLC. |

**II. Pre-Discovery Initial Disclosures of Core Information.**

**Fed.R.Civ.P. 26(a)(1)(A)-(D) Disclosures**

Fed.R.Civ.P. 26 as amended effective December 1, 2000, provides that these disclosures are mandatory in Track Two and Track Three cases except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

[1] A copy of the Local Rules may be viewed at http://www.flmd.uscourts.gov

The parties ___have exchanged _X_agree to exchange (check one) Information described in Fed.R.Civ.P. 26(a)(1)(A)-(D) within thirty (30) days of the Court's order on the pending Motion to Dismiss.

Below is a description of information disclosed or scheduled for disclosure, including electronically stored information as further described in Section III below.

**III. Electronic Discovery.**

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that (check one):

___ No party anticipates the disclosure or discovery of ESI in this case.

_X_One or more of the parties anticipate the disclosure or discovery of ESI in this case.

If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:[2]

A. The form or forms in which ESI should be produced.

**Electronic discovery shall be exchanged in native format where possible, otherwise in a near-native, searchable format, preserving all metadata.**

[2] See Generally: *Rules Advisory Committee Notes* to the 2006 Amendments to Rule 26(f) and Rule 16.

B. Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought.

**All relevant documents, communications, and other materials relating to the Defendant's development of the Azureus and Vuze software, the Azureus trademarks, and all product licensing information. All relevant information in the Parties' possession related to or referencing the development and/or licensing and/or use of the Azureus or Vuze software. Information relating to partnerships, profits, and sales of the Azureus and Vuze software or trademarks.**

**The deadline shall be the discovery deadline as noted above.**

C. Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

**All metadata related to all discovery as noted in this document.**

D. The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

**These sources shall include all physical media that are reasonably calculated to contain responsive documents, including computers of any kind including but not limited to netbooks, pads, laptops, desktops, etc., and including servers and offsite storage data and including data related**

**to version control, databases, electronic mail and electronic messaging, file servers, network drivers, cloud storage, instant messaging systems, and internal and external user forums.**

E. The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

**Not applicable.**

F. Any issues relating to preservation of discoverable ESI.

**Not applicable.**

G. Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an Order under the Federal Rules of Evidence Rule 502. If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report. The parties should attempt to agree on protocols that minimize the risk of waiver. Any protective order shall comply with Local rule 1.09 and Section IV.F. below on Confidentiality Agreements.

**See Section IV.F. below.**

H. Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

ESI should be conducted at one time and related to Azureus and Vuze software packages and the Azureus trademark.

Please state if there are any areas of disagreement on these issues and, if so, summarize the parties' position on each:

If there are disputed issues specified above, or elsewhere in this report then (check one):

___ One or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions. Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing. **If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed.R.Civ.P.**

_X_ All parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

**IV. Agreed Discovery Plan for Plaintiffs and Defendants.**

**A. Certificate of Interested Persons and Corporate Disclosure Statement –**

This Court has previously ordered each party, governmental party, intervernor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper – including

emergency motion – is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

_X_ Yes

___ No Amended Certificate will be filed by

________________ (party) on or before

______________________(date).

**B. Discovery Not Filed –**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests on diskette. *See* Local Rule 3.03(f). The parties further agree as follows:

**To exchange discovery electronically where possible**.

**C. Limits on Discovery –**

Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31 (a)(2)(A); Local rule 3.02(b). Absent leave of Court, the parties may serve no more than twenty five interrogatories including sub-parts. Fed.R.Civ.P. 33(a); Local Rule 3.03(a). Absent leave of Court of stipulation of the parties, each

deposition is limited to one day of seven hours. Fed.R.Civ.P. 30(d)(2). The parties may agree by stipulation on other limits on discovery. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order. Fed.R.Civ.P. 29. In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

**1. Depositions**

None.

**2. Interrogatories**

None.

**3. Document Requests**

None.

**4. Requests to Admit**

None.

**5. Supplementation of Discovery**

The parties shall supplement already produced discovery as provided by applicable Federal and Local Rules.

**D. Discovery Deadline –**

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows:

**None or Not applicable.**

**E. Disclosure of Expert Testimony –**

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

**None or Not Applicable**

**F. Confidentiality Agreements**

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson* v. *American Motors Corp.,* 759 F.2d 1568 (11th cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support. The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. *See* Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows:

**The Parties anticipate entering into a mutually acceptable confidentiality agreement.**

**G. Other Matters Regarding Discovery –**

**V. Settlement and Alternative Dispute Resolution.**

**A. Settlement –**

The parties agree that settlement is

___ Likely

_X_ Unlikely

The parties request a settlement conference before a United States Magistrate Judge.

___ Yes

_X_ No

___ Likely to request in the future.

**B. Arbitration –**

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case. To the parties agree to arbitrate?

___ Yes

_X_ No

___ Likely to agree in the future

___ Binding

___ Non-Binding

**C. Mediation –**

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. The list of mediators is available from the Clerk and is posted on the Court's web site at http://www.flmd.uscourts.gov.

**D. Other Alternative Dispute Resolution –**

The parties intend to pursue the following other methods of alternative dispute resolution:

**None / Not applicable**

**Respectfully submitted this 14th day of February 2013**

/s/ Michael H. Page
Michael H. Page (admitted *Pro Hac Vice)*
California Bar No. 154913
Durie Tangri LLP
217 Leidesdorff Street
San Francisco, California 94111
(415) 362 – 6666 [Telephone]
(415) 236 – 6300 [Facsimile]
mpage@durietangri.com
Attorneys for Defendants
Azureus Software, Inc., and Vuze, LLC.

/s/ Adam S. Levine
Adam S. Levine, M.D., J.D.
Florida Bar No. 78288
Florida Legal Advocacy Group of Tampa Bay
1180 Gulf Boulevard, Suite 303
Clearwater, FL 33767
(727) 512 – 1969 [Telephone]
(866) 242 – 4946 [Facsimile]
aslevine@msn.com [E-mail]
Trial Counsel & Counsel for the Plaintiff